**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**Tampa Division**

| | |
|---|---|
| WATERLINE VILLAS AND MARINA CONDO ASSOCIATION, INC. <br><br> Plaintiff, <br><br> v. <br><br> WRIGHT NATIONAL FLOOD INSURANCE COMPANY, <br> Florida Registered Agent: <br> Florida Department of Financial <br> Services, c/o Chief Financial Officer <br> 200 E. Gains St. <br> P.O. Box 6200 32314-6200 <br> Tallahassee, FL 32399 <br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.:  8:26-cv-00040-KKM-SPF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>AMENDED COMPLAINT</u>

COME NOW Plaintiff Waterline Villas & Marina Condominium Association, Inc. ("Plaintiff" or "Waterline") by and through undersigned counsel, and for its causes of action against Defendant Wright National Flood Insurance Company ("Defendant" or "Wright Flood"), states and allege as follows:

### <u>PARTIES, JURISDICTION AND VENUE</u>

1.     Plaintiff Waterline Villas & Marina Condominium Association, Inc. is a Florida Corporation with a principal address of 4602 Eisenhower Boulevard, Tampa, Florida, 33634.

1

2. Defendant Wright National Flood Insurance Company is a Texas Corporation with its principal address at 93 Park Place Boulevard, Suite 101, Clearwater, Florida, 33759.

3. Jurisdiction and venue are proper in this Court because Defendant marketed and sold policies of insurance to Plaintiff insuring real property located in Holmes Beach, Florida, entered into contracts in Florida with Florida companies, and Defendant's conduct giving rise to Plaintiff's claims occurred in Florida.

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise out of the National Insurance Flood Act, 42 U.S.C. 4001, *et seq.*

## FACTUAL ALLEGATIONS

5. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

6. Wright Flood sells flood insurance policies, including federal flood insurance policies in partnership with the Federal Emergency Management Agency ("FEMA").

7. Wright Flood advertises that its "sole focus is federal flood insurance and excess flood insurance" and that it is "committed to helping property owners and their agents assess their flood risk, and properly insure it through the National Flood Insurance Program ("NFIP").

2

8.      Plaintiff is the Named Insured under an NFIP insurance policy issued by Defendant under Policy Number 09115210131703, covering the policy period from June 7, 2024 to June 7, 2025, and insuring the property located at 5325 Marina Dr. Holmes Beach Lodge, Holmes Beach, Florida, 33634 ("Waterline").  A true and accurate copy of the Flood Declarations Page for Waterline policy is attached hereto as **Exhibit A.**

9.      The Wright Flood policy insuring Waterline describes the Property as "Slab on Grade, 3 or more floors," "First Floor Height: 1.1 ft," and states "Method Used to Determine First Floor Height: Elevation Certificate."

10.     The Wright Flood policy insuring Waterline provides up to $7,500,000 in Building Coverage and up to $100,000 in Personal Property Coverage, each subject to a $10,000 Deductible. Plaintiff paid $40,785.00 in premium and fees for this policy.

11.     On September 27, 2024, Plaintiff suffered losses to the insured building and contents at Waterline as a result of Hurricane Helene, which the FEMA assigned Disaster Number DR-4828-FL.

12.     Plaintiff timely notified Wright Flood of the loss.

13.     Wright Flood acknowledged Plaintiff's timely claims submission and assigned Claim Number 2414155 (the "Claim).

3

14.     Plaintiff cooperated with all of Wright Flood's requests for information and inspection of the property and provided documentation supporting the value of the Claim.

15.     On January 3, 2025, Wright Flood denied coverage for the Claim, premising its denial on the allegation that the Building was elevated.

16.     On January 16, 2025, after the property loss, Wright Flood issued an endorsement purporting to retroactively modify the insurance policy covering Waterline to describe the number of floors as Two Floors and modifying the Property Description to "Elevated with enclosure on posts/piles/piers."

17.     This endorsement operated to materially reduce the coverage afforded under the policy, because the policy provides extremely limited coverage for damage below the lowest elevated floor of the Building.

18.     Plaintiff filed a timely appeal of Wright Flood's denial with FEMA.

19.     On January 22, 2026, FEMA upheld Wright Flood's denial of coverage for the Claim.

20.     Pursuant to 44 C.F.R. pt. 61, app. A(1), art VII(R), Plaintiff has timely filed its original Complaint challenging Wright Flood's denial of coverage for the Claim.

## COUNT I – BREACH OF CONTRACT

21.     Plaintiff and Wright Flood entered into a valid and enforceable contract for insurance under the NFIP, which was supported by mutual promises and valuable consideration.

22.     The policy of insurance Plaintiff purchased and Wright Flood underwrote and sold covering Waterline described the Property as "Slab on Grade, 3 floors," and listed the First Floor Height at 1.1 ft.

23.     Wright Flood breached the parties' contract when it attempted to retroactively underwrite the policy, post loss, to describe the Property as elevated.

24.     Wright Flood breached the parties' contract when it denied coverage for the claim for loss to Waterline.

25.     As a direct and proximate result of Wright Flood's conduct in breaching the policy, Plaintiff has suffered and will continue to suffer substantial damages.

## COUNT II –NEGLIGENT MISREPRESENTATION (IN THE ALTERNATIVE)

26.     Wright Flood has marketed and sold flood insurance policies to Plaintiff covering Waterline since 2014.

27.     Until January 2025, after Plaintiff suffered losses insured under the 2024 NFIP policy Wright Flood underwrote and sold to Plaintiff, the policies of flood insurance Wright Flood marketed and sold to Plaintiff have always been

written and the premium charged to reflect that the Building was slab on grade, with the first floor at approximately 1 foot off of the ground.

28.    In marketing, selling, and underwriting flood insurance to Plaintiff, Wright Flood had a duty to exercise reasonable skill and care.

29.    From 2014 to 2025, Wright Flood represented to Plaintiff that the policies of flood insurance Wright Flood sold to it provided coverage for flood losses to the Building beginning approximately 1 foot above ground.

30.    From 2014 to 2025, Plaintiff paid approximately $164,181 in premiums based and in reliance upon Wright Flood's representation that the policies of flood insurance Wright Flood sold to it provided coverage for flood losses to the Building beginning at approximately 1 foot above ground.

31.    Wright Flood now contends that the Building is elevated, such that the coverage for flood related losses is extremely limited for flood damage below the lowest elevated floor.

32.    If, as Wright Flood now contends, the Building is elevated, Plaintiff should have paid substantially lower premiums for the insurance Wright Flood sold it.

33.    As a consequence, if from 2014 through 2025, Plaintiff overpaid for the flood insurance that was actually available to it.

6

34.     Alternatively, Plaintiff may not have opted to purchase any coverage given the limited protections provided for flood losses to the Building and contents below the lowest elevated floor.

35.     As a direct result of Wright Flood's negligence in marketing, underwriting, and misrepresenting the coverage afforded by the policies of flood insurance it sold to Plaintiff for the Building, Plaintiff has suffered significant damages, including for overpayment of premiums for coverage not provided by the policies as represented or, alternatively, for coverage it would not have purchased but for Wright Flood's negligence.

## COUNT III – UNJUST ENRICHMENT

36.     Wright Flood has marketed and sold flood insurance policies to Plaintiff covering the Building since 2014.

37.     Until January 2025, after Plaintiff suffered losses insured under the 2024 NFIP policy Wright Flood underwrote and sold to Plaintiff, the policies of flood insurance Wright Flood marketed and sold to Plaintiff have always been written and the premium charged to reflect that the Building was slab on grade, with the first floor at approximately 1 foot off of the ground.

38.     From 2014 to 2025, Wright Flood represented to Plaintiff that the policies of flood insurance Wright Flood sold to them provided coverage for flood losses to the Building beginning approximately 1 foot above ground.

7

39.     From 2014 to 2025, Plaintiff paid approximately $164,181 in premiums based on Wright Flood's representation that the policies of flood insurance Wright Flood sold to it provided coverage for flood losses to the Building beginning at approximately 1 foot above ground.

40.     Wright Flood now contends that the Building is elevated, such that the coverage for flood related losses is extremely limited for flood damage below the lowest elevated floor.

41.     If, as Wright Flood now contends, the Building is elevated, Plaintiff should have paid substantially lower premiums for the insurance Wright Flood sold it.

42.     As a consequence, if from 2014 through 2025, Plaintiff overpaid for the flood insurance that was actually available to it.

43.     Alternatively, Plaintiff may not have opted to purchase any coverage given the limited protections provided for flood losses to the Building and contents below the lowest elevated floor.

44.     It would be unjust to allow Wright Flood to retain the funds it overcharged Plaintiff in premiums for coverage that it now alleges was never available to Plaintiff and/or which Plaintiff may not have purchased had it known how limited the coverage actually was.

8

45.   As a result of the unjust enrichment to Wright Flood, Plaintiff has been damaged.

46.   The value of Plaintiff's damages exceeds $75,000.

## REQUEST FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court enter judgment in its favor and award the following relief:

a.  damages resulting from Wright Flood's breaches of contract, negligent misrepresentation, and unjust enrichment;

b.  all costs and attorneys' fees Plaintiff has incurred in connection with this action; and

c.  such other and further relief as this Court deems necessary, just, and proper.

Respectfully submitted,  January 22, 2026,

POLSINELLI PC

By: */s/Michelle Bernstein*
Michelle Bernstein, Esq. (FL Bar. No. 1030736)
315 S. Biscayne Blvd., Suite 400
Miami, FL 33131
(305) 921-1800
Fax: (305) 921-1801
mbernstein@polsinelli.com

9

Lauren E. Tucker McCubbin, Esq.
(pro hac pending)
900 W. 48th Place, Suite 900
Kansas City, MO 64112
(816) 753-1000
ltucker@polsinelli.com

ATTORNEYS FOR PLAINTIFF

10