**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WATERLINE VILLAS AND MARINA
CONDO ASSOCIATION, INC.,

      Plaintiff,

v.                                                                   Case No. 8:26-cv-00040-KKM-SPF

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,

      Defendant.

**WRIGHT NATIONAL FLOOD INSURANCE COMPANY'S MOTION**
**TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Wright National Flood Insurance Company ("Wright"), which appears solely in its capacity as a Write-Your-Own ("WYO") Program insurance carrier participating in the United States Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] by and through the undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves this Court for entry of an order dismissing the Amended Complaint ("Amended Complaint") filed by Waterline Villas and Marina Condo Association, Inc. ("Plaintiff") against Wright with prejudice.

---

[1] *See* 42 U.S.C. § 4001 *et seq.*

[2] 44 C.F.R. § 62.23(f).

[3] 42 U.S.C. § 4071(a)(1); *Shuford v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007).

1

Plaintiff failed to commence this action within the mandatory one-year limitations period imposed by the NFIA and the Standard Flood Insurance Policy ("SFIP"). Plaintiff's remaining state-law causes of action are also barred because they are preempted by federal law.

Plaintiff did not initiate this action within one year of the written partial denial of the claim sent by Wright on January 3, 2025. As such, Plaintiff's lawsuit asserting breach of the SFIP is time-barred and must be dismissed. 42 U.S.C. § 4072; 44 C.F.R. pt. 61, app. A(3), art. VIII(O) (2022); *Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1349 (11th Cir. 2000); *Zozo Investments LLC v. First Community Ins. Co.*, 2026 WL 1021517 at *3–4 (11th Cir. Apr. 15, 2026); *Miller v. Am. Bankers Ins. Grp.*, 85 F. Supp. 2d 1297, 1300–02 (S.D. Fla. 1999); *Potter-Martino v. Am. Bankers Ins. Co.*, 2026 WL 982818 at *2–3 (M.D. Fla. Apr. 13, 2026) (Jung, J.); *Cruciotti v. Occidental Fire & Cas. Co. of NC*, 2025 WL 3777043 at *2–3 (M.D. Fla. Sept. 9, 2025) (Badalamenti, J.); *Lekse v. Allstate Ins. Co.*, 2025 WL 1827629 at *3–5 (M.D. Fla. July 2, 2025); *Martini v. Am. Bankers Ins. Co. of Fla.*, 2025 WL 1018394 at *3–5 (M.D. Fla. Apr. 4, 2025); *Mercer v. Am. Bankers Ins. Co.*, 2025 WL 1018390 at *3–5 (M.D. Fla. Apr. 4, 2025); *Price v. Wright Nat'l Flood Ins. Co.*, 2025 WL 487627 at *2–3 (M.D. Fla. Feb. 13, 2025); *Mazzula v. Am. Strategic Ins. Corp.*, 2021 WL 252295 at *3 (M.D. Fla. Jan. 26, 2021); *see Cohen v. Allstate Ins. Co.*, 924 F.3d 776, 782 (5th Cir. 2019); *Woodson v. Allstate Ins. Co.*, 855 F.3d 628, 633–37 (4th Cir. 2017); *Lionheart Holding GRP v. Phila Contribution Ship Ins. Co.*, 368 F. App'x 282, 284–85 (3d Cir. 2010); *Gibson v.*

*Am. Bankers Ins. Co.*, 289 F.3d 943, 946–47 (6th Cir. 2002); *see also* 44 C.F.R. § 62.22(a). Because Plaintiff did not file suit until January 7, 2026, more than one year after Wright sent the January 3, 2025 written denial, the Plaintiff's action is untimely and must be dismissed.

Plaintiff's remaining state-law claims likewise fail as a matter of law. Counts II[4] and III are preempted and barred by federal statutory, regulatory, and common law because all disputes arising from the issuance of the SFIP, administration of the SFIP, and/or handling of claims under the SFIP are governed exclusively by federal law. *E.g.*, *Shuford v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1343–44 (11th Cir. 2007). This includes any claim for attorney's fees, or extra-contractual damages. *See id.*; *Dunn v. Wright Nat'l Flood Ins. Co.*, 2023 WL 5956980 at *1 (M.D. Fla. Sept. 13, 2023).

For the reasons set forth below, this Court should dismiss Plaintiff's Amended Complaint.

<u>**MEMORANDUM OF LAW**</u>

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Wright, while acting in its capacity as a WYO Program carrier, issued SFIP number 09 1152101317 03 (the "Policy") to Plaintiff for the property located at 5325 Marina Dr., Holmes Beach Lodge, Holmes Beach, Florida 34217 (the "Property").

---

[4] Even if not preempted by federal law, Plaintiff's negligent misrepresentation cause of action (Count II) would also be barred by Florida's independent tort doctrine because it seeks recovery solely for economic losses arising from Wright's issuance, underwriting, administration, and handling of the SFIP.

Declaration of Sarah Brandeberry ¶ 5 (attached hereto as Exhibit 1) (hereinafter "Decl. Brandeberry"). Following the loss, the Flood Declarations Page was revised to reflect that the building was elevated (amended effective January 11, 2024). *Id.* at ¶ 5. A true and correct copy of the Flood Declarations Page, is attached hereto as Exhibit 2 and a true copy of the SFIP Residential Condominium Building Association Policy ("RCBAP") Form is attached hereto as Exhibit 3. *See id.* at ¶ 11.

Plaintiff originally filed the Complaint in this matter on January 7, 2026. ECF 1. On January 8, 2026, this Court dismissed Plaintiff's Complaint, as it constituted an impermissible shotgun pleading. ECF 5. Plaintiff filed an Amended Complaint on January 22, 2026. ECF 6. In the Amended Complaint, Plaintiff alleges that Hurricane Helene caused flooding at the Property on or about September 27, 2024. *Id.* at ¶ 11. Plaintiff further alleges that "[o]n January 3, 2025, Wright Flood denied coverage for the Claim, premising its denial on the allegation that the Building was elevated." *Id.* at ¶ 15. Plaintiff further alleges that Wright Flood issued an endorsement modifying the Property Description to "Elevated with enclosure on posts/piles/piers."[5] *Id.* at ¶ 16. Plaintiff appealed Wright's denial to FEMA and on January 22, 2026, FEMA upheld Wright's denial of coverage for the Claim. *Id.* at ¶¶ 18–19. Plaintiff also attempts to assert claims for negligent

---

[5] The SFIP RCBAP provides that "We will pay you for direct physical loss by or from flood to your insured property if you: . . . 3. Have furnished accurate information and statements." 44 C.F.R. pt. 61, app. A(3), art. I(C) (2022). The SFIP further provides that "We have the right to review the information you give us at any time and revise your policy based on our review." *Id.* at art. I(D).

misrepresentation (Count II) and unjust enrichment (Count III). *Id.* at ¶¶ 26–46. Plaintiff also seeks "all costs and attorneys' fees" incurred in this action. *Id.* at Request for Relief.

Consistent with Plaintiff's allegation, on January 3, 2025, Wright sent correspondence to Plaintiff partially denying its claim under the SFIP as the Property was determined to be a post-FIRM, elevated building (the "January 3, 2025, Denial Letter"). Decl. Brandeberry ¶¶ 9–10. A true and correct copy of the January 3, 2025, Denial Letter is attached hereto as Exhibit 4. Decl. Brandeberry ¶¶ 9–11.

Because this action was filed more than one year after Wright's written partial denial of the claim, and because the filing of an appeal with FEMA does not toll that limitation period, Plaintiff's action under the SFIP is time-barred. Plaintiff's remaining claims are preempted and barred by federal law. As such, this lawsuit must be dismissed.

## II. LAW AND ARGUMENT

### A.    National Flood Insurance Program

WYO Program carriers issuing flood insurance under the NFIP arrange for the adjustment, settlement, payment, and defense of all claims arising from the policy. 44 C.F.R. § 62.23(d). Congress underwrites all operations of the NFIP, including claims adjustment, through United States Treasury funds. 42 U.S.C. § 4017(d)(1). WYO companies operate as the "'fiscal agent of the United States.'" *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1311 (11th Cir. 2001) (quoting

42 U.S.C. § 4071(a)(1)). Thus, a judgment against a WYO Program carrier constitutes a direct charge on the United States Treasury. *Shuford*, 508 F.3d at 1343; *Newton*, 245 F.3d at 1311–12. As such, a "suit for benefits under the [NFIP] raises the same concerns, under the Appropriations Clause, as a suit against a governmental entity because benefits under the [NFIP] are paid from the federal treasury." *Shuford*, 508 F.3d at 1343.

Federal law governs the interpretation of the provisions of the SFIP. Article XI of the SFIP provides:

> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. [§] 4001, *et seq.*), and Federal common law.

44 C.F.R. pt. 61, app. A(3), art. XI (2022). As the U.S. Court of Appeals for the Fifth Circuit has stated:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

*West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978).

Because federal funds are at stake, in order to receive benefits under a SFIP, all conditions precedent must be fulfilled. *Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1317 (11th Cir. 2003). Strict compliance with the terms and conditions of the SFIP is mandated. *Id.* at 1317–18; *see Lucien v. U.S. Sec. Ins. Corp.*, 143 F. App'x 152,

6

153 (11th Cir. 2005). As such, the limitations of the policy must also be strictly construed and enforced. *Miller*, 85 F. Supp. 2d at 1300 (citing *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 954 (5th Cir. 1998)); *Mazzula*, 2021 WL 252295 at *3. This includes the requirement that, to be timely, a lawsuit must be filed in federal court within one year of a written disallowance of all or part of the claim. 42 U.S.C. § 4072; 44 C.F.R. pt. 61, app. A(3), art. VII(O) (2022); *Hairston*, 232 F.3d at 1349; *Miller*, 85 F. Supp. 2d at 1301.

Federal law controls breach of contract actions involving SFIPs. *Wright v. FEMA*, 913 F.2d 1566, 1570–71 (11th Cir. 1990); *West*, 573 F.2d at 881. "A claim under state law is expressly preempted 'when Congress has manifested its intent to preempt state law explicitly in the language of the statute.'" *Shuford*, 508 F.3d at 1344 (quoting *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1122 (11th Cir. 2004)). "Federal regulations have the same preemptive effect as federal statutes." *Id.* (citing *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153, 102 S. Ct. 3014, 3022 (1982)).

## B.    Standard for Dismissal

In deciding a Rule 12(b)(6) motion to dismiss, a court must first be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.[6] Thus, a court must take "the material allegations of the complaint" as

---

[6] Additionally, "[t]he Court may strike from a pleading any . . . immaterial [or] impertinent . . . matter." Fed. R. Civ. P. 12(f).

admitted and liberally construe the complaint in favor of a plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S. Ct. 1843, 1849 (1969).

However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545, 127 S. Ct. at 1965 (internal citation omitted). Indeed, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.* Dismissal is appropriate when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action. *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

The Eleventh Circuit has adopted the "incorporation by reference" doctrine, under which a document referenced in the complaint and attached to a motion to dismiss may be considered by the court "without converting the motion into one for summary judgment if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Day v. Taylor*, 400 F. 3d 1272, 1276 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *Lido Bay Manor Ass'n, Inc. v. Chubb Custom Ins. Co.*, 2020 WL 8413430 at *2 (S.D. Fla. Dec. 30, 2020); *see*

*Hill v. State Farm Ins. Co.*, 181 F. Supp. 3d 980, 986 n.2 (M.D. Fla. 2016) (holding that the Court could consider the insurance policies included in the defendant's motion to dismiss even though not attached to the complaint). "[A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement . . . ." *Day*, 400 F.3d at 1276.

As Plaintiff has pled that Wright denied the subject claim on January 3, 2025 and as the January 3, 2025 Denial Letter triggered the running of the one-year limitations period, the January 3, 2025 Denial Letter is central to Plaintiff's claim. The Flood Declarations and the SFIP RCBAP Form are also central to Plaintiff's claim as the documents constitute the written agreement that is the basis of this action.[7] The only policy issued by Wright to the Plaintiff was the SFIP RCBAP Form, which is a codified federal regulation available at 44 C.F.R. Part 61, Appendix A(3) (2022), the terms and conditions of which cannot be disputed.

### C.   Plaintiff's Action Is Time-Barred Because Plaintiff Did Not File Suit Within One Year of Wright's Written Partial Denial of the Claim

The one-year limitations period is provided in 42 U.S.C. § 4072:

> In the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make

---

[7] The "Policy" definition contained in the SFIP also includes, *inter alia*, the application, any endorsement(s) and any renewal certificate indicating that coverage has been instituted for a new policy and new policy term. 44 C.F.R. pt. 61, app. A(3), art. II(C)(21).

payment of any claims for proved and approved losses covered by flood insurance, and **upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance** by the Administrator, may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

(Emphasis added). The limitations period is also provided within the SFIP RCBAP

Form:

**O.    SUIT AGAINST US**
You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, **you must start the suit within one year after the date of the written denial of all or part of the claim**, **and you must file suit in the United States District Court of the district in which the insured property was located at the time of loss**. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

44 C.F.R. pt. 61, app. A(3), art. VIII(O) (2022) (emphasis added).

The relevant statute and regulation provide that any action for breach of the SFIP must be initiated in a United States district court within one year of the written denial of all or part a claim. In the Amended Complaint, Plaintiff alleges that the Property sustained water damage from Hurricane Helene that occurred at the Property on September 27, 2024. ECF 6 at ¶ 11. Plaintiff further alleges that "[o]n January 3, 2025, Wright Flood denied coverage for the Claim, premising its denial on the allegation that the Building was elevated." *Id.* at ¶ 15.

Wright sent the January 3, 2025 Denial Letter to Plaintiff on January 3, 2025. Decl. Brandeberry at ¶¶ 9–11; Exhibit 4. The January 3, 2025 Denial Letter and the FEMA Policyholder Rights form attached to the January 3, 2025 Denial Letter advised Plaintiff of its right to appeal Wright's decision to FEMA and/or to **"file suit in the Federal District Court where the damage occurred within one year of when your insurer first denied all or part of your claim**." Exhibit 4 at pp. 4–5. (emphasis added). Plaintiff originally filed this action on January 7, 2026, over one year after Wright sent the January 3, 2025 Denial Letter. ECF 1. Further, Plaintiff's appeal to FEMA did not toll or extend this deadline. 44 C.F.R. § 62.20(f)(4) ("The one-year period to file suit commences with the written denial from the insurer and is not extended by the appeals process.") As such, Plaintiff's claim is time-barred and subject to dismissal.

In *Hairston*, the plaintiffs' property sustained damage from flooding in 1995, and the plaintiffs submitted a claim to the defendant, a WYO carrier. 232 F.3d at 1349. Two years later, the plaintiffs found additional damage that they believed was caused by the 1995 flood and submitted another claim to the defendant. *Id*. On November 13, 1997, the defendant denied the claim. *Id*. Approximately one year after the denial, the plaintiff filed an action in state court. *Id*. The state court filing was removed to federal court on December 15, 1998, "more than a year after appellees denied the claim" and the defendant WYO carrier filed a motion to dismiss on the grounds the filing was time-barred. *Id*.

The *Hairston* Court granted the motion, holding that the filing in state court failed to toll the statute of limitations. *Id.*; *see Mazzula*, 2021 WL 252295 at *3 (holding that plaintiffs filing of the lawsuit in state court did not toll the one-year limitations period); *Smith-Pierre v. Fidelity Nat'l Indem. Ins. Co.*, 2011 WL 3924178, at *4 (S.D. Fla. Sept. 7, 2011) (holding that "filing suit based on the denial of an SFIP flood claim in state court was analogous to filing the case 'in [the plaintiff's] kitchen drawer'"). The Eleventh Circuit Court of Appeals affirmed the district court's dismissal, relying upon the one-year limitations period in 42 U.S.C. § 4072. *Hairston*, 232 F.3d at 1349, 1353. The Court held that the state court had no jurisdiction because the statute conveyed exclusive jurisdiction to the federal district court. *Id.* at 1350–52. Thus, an otherwise "timely" filing in the state court had no tolling effect on the one-year limitations period. *Id.* at 1350–52.

Similarly, the District Court in *Potter-Martino* recently granted a motion to dismiss on the time-bar issue, finding that plaintiff's suit was untimely. 2026 WL 982818 at *2–3. Plaintiff's lawsuit arose from flood damage to plaintiff's property sustained during Hurricane Helene. *Id.* at *1. On February 4, 2025, defendant (a WYO carrier) issued a letter partially denying the plaintiff's claim. *Id.* at *1. Plaintiff filed suit in state court on January 20, 2026, however, the state court action was not removed until February 23, 2026, over one year after the issuance of the denial letter. *Id.* Defendant moved to dismiss on the grounds that the action for breach of the SFIP was time-barred. *Id.* This Court rejected the plaintiff's argument that filing in state court tolled the limitations period, finding that "the

math is simple and unforgiving." *Id.* at *3. Because plaintiff failed to file the lawsuit in federal court within one-year of the written denial, this Court granted the defendant's motion and dismissed the plaintiff's lawsuit. *Id.* at *2–4.

The decision in *Miller* is also persuasive. The plaintiff's property flooded during Hurricane Andrew on August 24, 1992. 85 F. Supp. 2d at 1299. The plaintiff contacted the defendant, a WYO carrier, in spring 1993 to advise the defendant that he observed damages to the property. *Id.* The defendant issued a denial letter on June 22, 1993. *Id.* The plaintiff filed suit against the defendant in state court on August 19, 1997. *Id.* After the defendant removed the case to federal court, the defendant filed a motion for summary judgment, arguing that the action was time-barred by the one-year limitations period. *Id.* at 1298–99. The District Court found that the plaintiff was required to file suit within one year of the denial of his claim. *Id.* at 1300. Because the plaintiff failed to comply with the one-year limitations period contained in the statute and the SFIP, the District Court granted the motion for summary judgment and dismissed the action. *Id.* at 1300–02.

In *Cohen*, plaintiff's property was insured under an SFIP issued by Allstate, a WYO carrier. 924 F.3d at 778–79. The property was damaged by flooding in April 2016, and the insured made a claim under the SFIP. *Id.* Allstate assigned an adjuster to inspect the property, determined that the SFIP covered building damages totaled $55,506.28, received a signed and sworn Proof of Loss for that amount, and paid the plaintiff in accordance with the Proof of Loss. *Id.* On July 19,

13

2016, Allstate sent a letter denying the plaintiff's claim for additional building damage because further amounts were not supported by documentation. *Id.*

The plaintiff filed suit on August 14, 2017, over a year after Allstate issued the denial letter. *Id.* at 779. Allstate moved for summary judgment, alleging the suit was time-barred and the District Court granted the motion, from which plaintiff appealed. *Id.* On appeal, the plaintiff asserted that the denial letter issued by Allstate was flawed and did not trigger the one-year limitations period because it did not identify any specific item denied, denying coverage for "various items." *Id.* at 780–81. Plaintiff also claimed that the limitations period was not triggered because the basis for the denial was invalid. *Id.* at 781–82. The United States Court of Appeals for the Fifth Circuit rejected these arguments, holding that the one-year limitations period began on July 19, 2016, the date the denial letter was issued. *Id.* at 782. That plaintiff "disputes the adequacy of Allstate's grounds for denial does not speak to whether the July 19 letter was itself sufficient to trigger the limitations period. Strictly construed, it was." *Id.* at 781 (citing *Migliaro v. Fidelity Nat'l Indem. Ins. Co.*, 880 F.3d 660, 667 (3d Cir. 2018)). The Court noted that both 42 U.S.C. § 4072 and Article VII(R) of the SFIP require that a policyholder file suit within one year after the date of mailing of notice of disallowance or partial disallowance of their claim. *Id.* at 782. "'[N]ot even the temptations of a hard case will provide a basis for ordering recovery contrary to the terms of [a] *regulation*, for to do so would disregard the duty of all courts to observe the conditions defined by Congress for charging the public treasury.'" *Id.* (quoting *Forman v. FEMA*, 138

14

F.3d 543, 545 (5th Cir. 1998)). The Court affirmed the judgment of the District Court, finding that the District Court correctly determined that the suit was untimely. *Id.*

In the instant matter, Plaintiff's own allegations establish that its SFIP claim is time-barred. Plaintiff alleges that Wright denied the claim on January 3, 2025. ECF 6 at ¶ 15. Plaintiff filed this action on January 7, 2026, over one year after Wright sent the January 3, 2025 Denial Letter, denying a portion of Plaintiff's claim. Further, Plaintiff's submission of an appeal to FEMA did not toll the one-year limitations period. 44 C.F.R. § 62.20(f)(4). The Policyholder Rights document attached to the January 3, 2025 Denial Letter specifically warned Plaintiff of this fact: "Filing an appeal does not extend the one-year timeframe to file suit against your insurer." Exhibit 4 at p. 5.

As such, Plaintiff's claim for breach of the SFIP is barred by 42 U.S.C. § 4072 and 44 C.F.R. Part 61, Appendix A(3), Article VIII(O); *Hairston*, 232 F.3d at 1349; *Cohen*, 924 F.3d at 782; *Woodson*, 855 F.3d at 633–37; *Zozo*, 2026 WL 1021517 at *3–4; *Miller*, 85 F. Supp. 2d at 1300–02; *Potter-Martino*, 2026 WL 982818 at *2–3; *Cruciotti*, 2025 WL 3777043 at *2–3; *Mercer*, 2025 WL 1018390 at *3–5; *Price*, 2025 WL 487627 at *2–3. Thus, Plaintiff's lawsuit must be dismissed.

### D.   Counts II and III of the Amended Complaint Fail Because the Claims Are Preempted and Barred by Federal Law

Plaintiff's Amended Complaint also asserts state-law claims for negligent misrepresentation (Count II),[8] and for unjust enrichment (Count III). Both Counts II and III are preempted and barred by federal law. As all of Plaintiff's allegations arise pursuant to "policy issuance, policy administration, or the handling of any claim under the policy", Plaintiff's disputes "are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and Federal common law." 44 C.F.R. pt. 61, app. A(3), art. XI. Because payments under the NFIP are direct charges on the United States Treasury, federal law exclusively governs disputes involving the issuance, administration, and handling of SFIP claims. *Shuford*, 508 F.3d at 1343–44.

In *Shuford*, the plaintiff sustained a flood loss as a result of Hurricane Ivan on September 16, 2004. *Id*. at 1339–40. The plaintiff filed suit against the WYO Program carrier that issued her SFIP, alleging breach of the SFIP and bad faith. *Id*. at 1341. The district court dismissed the bad faith claim, holding that federal law

---

[8] Florida law does not permit a plaintiff to transform a contractual dispute into a tort claim absent the breach of a duty independent of the contract and damages independent of those arising from the alleged breach. *Peebles v. Puig*, 223 So. 3d 1065, 1069–70 (Fla. 3d DCA 2017); *Lamm v. State St. Bank & Tr.*, 749 F.3d 938, 947 (11th Cir. 2014). Here, Count II is entirely dependent upon Wright's issuance, rating, underwriting, administration, and handling of the SFIP and seeks recovery solely for economic losses allegedly arising from that conduct. Accordingly, Count II is also barred by Florida's independent tort doctrine.

16

preempts such claims. *Id.* On appeal, the Court of Appeals for the Eleventh Circuit held that the plain language of the SFIP, which is contained in a federal regulation, clearly preempted claims under state law. *Id.* at 1344. The *Shuford* Court relied upon Article IX[9] of the SFIP—added in 2000 by an amendment to the regulations—which states that claims under the SFIP are "governed exclusively" by federal law. *Id.*; 44 C.F.R. pt. 61, app. A(3), art. XI (2022). The Court also cited the statement of intent issued by FEMA explaining the purpose of the amendment as further support that state law claims are preempted. *Shuford*, 508 F.3d at 1344. In the statement of intent, FEMA indicated that the 2000 amendment to the SFIP "clarified the policy language pertaining to jurisdiction, venue and applicable law to emphasize that matters pertaining to the [SFIP], including issues relating to claims handling, must be heard in Federal court and **<u>are governed exclusively by Federal law</u>**." 65 Fed. Reg. 34,824, 34,826–27 (May 31, 2000) (emphasis added) (*quoted in Shuford*, 508 F.3d at 1344); *see Dunn*, 2023 WL 5956980 at *1 (federal law controls actions under the SFIP); *Simpson v. United Prop. & Cas. Ins. Co.*, 2019 WL 636499 at *2–3 (M.D. Fla. Jan. 30, 2019) (striking state law claims

---

[9] In October 2021, FEMA issued revised versions of the Standard Flood Insurance Policy ("SFIP") forms, including the Residential Condominium Building Association Policy ("RCBAP"). Prior versions of the RCBAP contained a governing-law provision providing that disputes arising from the handling of claims under the policy were governed exclusively by federal law. In the revised October 2021 RCBAP form, FEMA expanded that provision to expressly include disputes arising from "the insurer's policy issuance, policy administration, or the handling of any claim under the policy," and redesignated the provision as Article XI. See 44 C.F.R. pt. 61, app. A(3), art. XI (2022).

for attorney's fees and costs as preempted); *135 Duval Company, Inc. v. Am. Bankers Ins. Co.*, 2014 WL 11485805 at \*4 (S.D. Fla. Aug. 11, 2014) (holding that Art. IX of the SFIP indicates a clear intent to preempt state law claims).

The Eleventh Circuit in *Shuford* joined the Third, Fifth and Sixth Circuits in concluding that state law claims under a SFIP are preempted and barred by federal law. *Wright v. Allstate Ins. Co.*, 415 F.3d at 390–91 (5th Cir. 2005); *C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.*, 386 F.3d 263, 270 (3d Cir. 2004); *Gibson v. Am. Bankers*, 289 F.3d 943, 948–50 (6th Cir. 2002). The Fourth, Eighth and Tenth Circuits have also concluded that state law claims are preempted and barred by federal law. *Woodson*, 855 F.3d at 637–38; *Gunter v. Farmers Ins. Co., Inc.*, 736 F.3d 768, 772–73 (8th Cir. 2013) (also relying upon Article IX of the SFIP); *Remund v. State Farm Fire & Cas. Co.*, 483 F. App'x 403, 407–11 (10th Cir. 2012).

As Plaintiff's claim arises from an alleged breach of an SFIP after flooding that occurred on or about September 27, 2024. Plaintiff cannot avoid federal preemption by recasting its dispute under the guise of policy issuance or policy administration. *See* 44 C.F.R. pt. 61, app. A(3), art. XI. Regardless, because all of Plaintiff's allegations arise from policy issuance, policy administration and/or the handling of the flood claim, they are therefore governed exclusively by federal law. Accordingly, Counts II and III should be dismissed with prejudice.

### E.    Plaintiff's Claims for Attorney's Fees, Costs or Other Extra-Contractual Damages, Are Preempted and Barred by Federal Law

Wright also moves to dismiss or strike Plaintiff's requests for attorney's fees and costs, and any other extra-contractual damage. No provision of the NFIA authorizes recovery of attorney's fees or extra-contractual damages arising from the handling or administration of a SFIP.

Congress authorized flood insurance coverage under the National Flood Insurance Program only for "loss resulting from physical damage to or loss of real property or personal property related thereto . . . ." 42 U.S.C. § 4011; *see Monistere v. State Farm Fire & Cas. Co.*, 559 F.3d 390, 393 (5th Cir. 2009); *Dunn*, 2023 WL 5956980 at \*1; s*ee also Perdido Sun Condo. Ass'n v. Nationwide Mut. Ins. Co.*, 2007 WL 2565990 at \*6 (N.D. Fla. Aug. 30, 2007).[10] Consistent with that limitation, the SFIP provides coverage only for "direct physical loss by or from flood . . . ." 44 C.F.R pt. 61, app. A(3), art. I (2022); *see Monistere*, 559 F.3d at 393. "'[T]he type of loss insured under the SFIP does not include the kind of economic loss claimed by appellant under the rubric of 'consequential damages.'" *Perdido Sun*, 2007 WL 2565990, at \*6 (quoting *Atlas Pallet, Inc. v. Gallagher*, 725 F.2d

---

[10] Likewise, if a complaint fails to show entitlement to attorney's fees, costs, and interest pursuant to state law, a court may strike the claim. *Zolin v. Goldrush77.com*, 2009 WL 369932 at \*3 (N.D. Fla. Feb. 12, 2009). District courts have granted motions to strike attorney's fees claims in breach of contract actions brought under the NFIA. *See Simpson v. United Prop. & Cas. Ins. Co.*, 2019 WL 636499 at \*2–3 (M.D. Fla. Jan. 30, 2019); *Bianchi v. State Farm Fire & Cas. Co.*, 120 F. Supp. 2d 837, 842 (N.D. Cal. 2000) ("statutory law permitting the recovery of attorney's fees is preempted by federal law which does not allow it").

131, 139 (1st Cir. 1984)); *Linblad v. Nationwide Mut. Ins. Co.*, 2014 WL 6895775, at *6–7 (D.N.J. Dec. 4, 2014). Courts therefore consistently hold that consequential or extra-contractual damages are not recoverable under the SFIP. *Id.*

Because any recovery in this action would ultimately be paid from federal funds, Plaintiff's requests for attorney's fees, costs or any other extra-contractual damage, are barred as a matter of law and should be dismissed or stricken.

## III. CONCLUSION

For the foregoing reasons, Wright National Flood Insurance Company respectfully requests that the Court enter an Order dismissing Plaintiff's lawsuit in its entirety, with prejudice.

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

I, undersigned counsel for Wright National Flood Insurance Company, hereby certify that I conferred with counsel for Plaintiff prior to filing the instant motion and counsel for Plaintiff opposes the relief sought.

Dated: May 15, 2026

Respectfully submitted,

By:    */s/ Joel W. Morgan*
        Joel W. Morgan (FBN: 1010062)
        Butler Snow LLP
        919 East Main Street, Suite 600
        Richmond, VA 23219
        Direct: (804) 762-6027
        Telephone: (804) 762-6030
        Facsimile: (804) 762-6031
        Email: joel.morgan@butlersnow.com
        *Lead Counsel for Defendant,*
        Wright National Flood Insurance Company

        Tara J. Kholos (FBN: 1018106)
        Butler Snow LLP
        6022 San Jose Boulevard
        Jacksonville, FL 32217
        Direct: (904) 539-9024
        Telephone: (904) 539-9030
        Facsimile: (904) 539-9031
        Email: tara.kholos@butlersnow.com
        *Counsel for Defendant,*
        Wright National Flood Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2026, a true and correct copy of the foregoing Motion to Dismiss was electronically filed using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

        */s/ Joel W. Morgan*
        Joel W. Morgan

21