# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

WATERLINE VILLAS AND MARINA
CONDO ASSOCIATION, INC.,

                    Plaintiff,          Case No.: 8:26-cv-00040-KKM-SPF

v.

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,

                    Defendant.

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

# TABLE OF CONTENTS

A.  Defendant's Non-Compliant Motion Should Be Stricken or Denied ............1

B.  Plaintiff's State Law Claims Are Not Pre-Empted ..........................................2

C.  Defendant's Motion to Dismiss Count I Should be Denied............................4

D.  Conclusion .................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Berouty v. Secretary, Department of Corrections*,
   2025 WL 807054 (M.D. Fla. Mar. 13, 2025).................................................................4

*Campo v. Allstate Ins. Co.*
   562 F.3d 751, 757–58 (5th Cir. 2009) ........................................................................3

*Grissom v. Liberty Mutual Fire Ins. Co.*,
   678 F.3d 397 (5th Cir. 2012) ......................................................................................2

*Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*,
   *910 F.3d 1186 (11th Cir. 2018)* ................................................................................2

*Mainsail v. Wright*,
   25-cv-03524 (M.D.Fla.) ...............................................................................................4

*Rickman v. Precisionaire, Inc.*,
   902 F. Supp. 232 (M.D. Fla. 1995) .............................................................................1

*Simmons v. Mississippi Farm Bureau Cas. Ins. Co.*,
   2013 WL 3895043 (N.D. Miss. July 29, 2013) ...........................................................2

*St. George v. Pinellas County*,
   285 F.3d 1334 (11th Cir. 2002) ..................................................................................1

*Wiand v. Mason*,
   No. 8:10-CV-2146-T-17MAP, 2012 WL 1190974 (M.D. Fla. Mar. 1,
   2012) ............................................................................................................................1

*Wilchombe v. Tee Vee Toons, Inc.*,
   555 F.3d 949 (11th Cir. 2009) ....................................................................................1

**Other Authorities**

31 CFR § 501.702 ...............................................................................................................4

Plaintiff Waterline Villas and Marina Condo Association, Inc. ("Waterline"), by and through undersigned counsel, respectfully submits its Memorandum of Law in in Opposition to Defendant's Motion to Dismiss [Dkt. 21], and states as follows:

**A.    Defendant's Non-Compliant Motion Should Be Stricken or Denied**

It is axiomatic that on a motion to dismiss this Court's review is limited to the four corners of the complaint. *See Wiand v. Mason*, No. 8:10-CV-2146-T-17MAP, 2012 WL 1190974, at *2 (M.D. Fla. Mar. 1, 2012), report and recommendation adopted, No. 8:10-CV-2146-T-17MAP, 2012 WL 1191634 (M.D. Fla. Apr. 10, 2012); *see also Wilchombe v. Tee Vee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) quoting *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002) ("A court's review on a motion to dismiss is 'limited to the four corners of the complaint.'"); *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232 (M.D. Fla. 1995). Yet Defendant's Motion relies upon the purported testimony of Sarah Brandeberry via declaration as well as 36 pages of additional materials not included in Plaintiff's Complaint. For this reason alone, Defendant's Motion to Dismiss should be stricken as noncompliant with the Federal Rules of Civil Procedure.

Defendant's Motion is not saved by the alleged "incorporation by reference" rule. First, the doctrine applies to documents, not testimony such as Ms. Brandeberry's. Second, the documents must be referred to in the complaint, central

1

to the plaintiff's claim, and of undisputed authenticity. *See, e.g., Hi-Tech Pharms., Inc. v. HBS Int'l Corp., 910 F.3d 1186, 1189 (11th Cir. 2018).* Ms. Brandeberry's testimony was not referred to in Plaintiff's Complaint. Whether or not her testimony is authentic is a judgment that cannot be made without affording Plaintiff the opportunity to depose Ms. Brandeberry. For these reasons alone, Defendant's Motion to Dismiss should be stricken.

### B.    Plaintiff's State Law Claims Are Not Pre-Empted

Plaintiff's state law claims are based on Defendant's marketing and underwriting practices, including its negligence in marketing, underwriting, and misrepresenting the coverage afforded by the policies of flood insurance it sold to Plaintiff.  *See* Amended Complaint at ¶¶ 26-46.  Claims arising out of underwriting or placement of coverage under the NFIP are not pre-empted by federal law. *See, e.g., Grissom v. Liberty Mutual Fire Ins. Co.,* 678 F.3d 397, 400 (5th Cir. 2012) ("federal law does not preempt state-law procurement-based claims"); *see also Simmons v. Mississippi Farm Bureau Cas. Ins. Co.,* 2013 WL 3895043, *4 (N.D. Miss. July 29, 2013) (where NFIP did not cover the flood damage sustained to the insured's policy insured's state-law theories of negligent misrepresentation and failure to procure the requested insurance policy were not pre-empted). Defendant's reliance on cases finding pre-emption in connection with claims arising out of claims handling are therefore distinguishable and Defendant's

2

motion to dismiss Plaintiff's state law claims should be denied.

The Fifth Circuit clarified why this distinction matters in *Campo v. Allstate Ins. Co.*:

> First, Congress, via its delegation of regulatory power to FEMA, has expressly preempted state law only as to handling-related claims. And, "Congress' enactment of a provision defining the pre-emptive reach of a statute implies that matters beyond that reach are not pre-empted." We thus consider FEMA's "limited statement of preemption through the canon of statutory construction *inclusio unius est exclusio alterius*, indicating Congress's lack of interest in more broadly limiting state power." FEMA has expertise in drafting regulations that explicitly preempt state law, and yet in this instance it chose to confine the plain language of its preemption to handling.
>
> Second, unlike in handling-based cases, permitting prosecution of procurement-related state-law tort suits does not impede the full purposes and objectives of Congress. "Clearly, the principal purpose in enacting the Program was to reduce ... the massive burden on the federal fisc of the ever-increasing federal flood disaster assistance." Suits related to handling, or claims adjustment, generally seek money that will ultimately be disbursed from federal funds thereby directly conflicting with Congress's objective to reduce pressure on the federal fisc. In contrast, FEMA does not reimburse carriers for procurement-related judgments. Additionally, FEMA extensively regulates the management of existing coverage while demonstrating no such interest in procurement: A WYO carrier has significant independence and "utilize[s] its own customary standards, staff, and independent contractor resources, as it would in ordinary and necessary conduct of its own business affairs, subject to the [Act and regulations.]" For these reasons, state-law tort claims related to procurement do not interfere with Congress's objectives. Federal law thus does not preclude Campo from pursuing his procurement-based suit that asserts a state-law cause of action for Allstate's allegedly negligent misrepresentations.

562 F.3d 751, 757–58 (5th Cir. 2009).  Because Plaintiff's state law claims arise out

3

of Defendant's conduct in the marketing and underwriting of Plaintiff's insurance policies, they are not pre-empted.[1]

### C.   Defendant's Motion to Dismiss Count I Should be Denied

Defendant seeks to avoid judicial review of its handling of Plaintiff's insurance claim on the basis that this action was filed *two days* after Defendant contends the statutory limitations period ended.[2] But Defendant's contention of the deadline ignores several salient facts: (1) the entirety of the FEMA appeal process was slowed due the government shut down; (2) as of January 4, 2026, FEMA had not issued its decision on the appeal; (3) Plaintiff diligently pursued its claims even throughout the period of time; and (4) because of the government shut down, Plaintiff was unable to obtain any information from FEMA such as the materials relied upon by Wright in support of its denial of coverage which were filed with FEMA but not provided to Plaintiff and upon which Plaintiff may have relied to pursue its claims in this litigation.  As a result, Plaintiff respectfully requests that this Court deny Defendant's motion to dismiss on the basis of equitable tolling. *See, e.g., Berouty v. Secretary, Department of Corrections*, 2025 WL 807054 (M.D. Fla. Mar. 13, 2025).

---

[1] It should also be noted that Defendant has not argued similar claims are pre-empted in the related case *Mainsail v. Wright*, 25-cv-03524 (M.D.Fla.).

[2] Defendant issued its partial denial of Plaintiff's claim on January 3, 2025. January 3, 2026 was a Saturday.  Per 31 CFR § 501.702, assuming Defendant's position is correct, Plaintiff's claim arguably would have been time-barred if not filed by January 5, 2026.

**D.   Conclusion**

For the reasons stated herein, Plaintiff respectfully requests that this Court

deny Defendant's Motion to Dismiss in its entirety.

Respectfully submitted,

POLSINELLI PC

By: */s/ Michelle Bernstein*
MICHELLE BERNSTEIN
(Fla. Bar No. 1030736)
315 S. Biscayne Blvd., Suite 400
Miami, FL  33131
(305) 921-1800
Fax:  (305) 921-1801
mbernstein@polsinelli.com

LAUREN E. TUCKER MCCUBBIN
*Admitted *pro hac vice*
900 W. 48th Place, Suite 900
Kansas City, MO 64112
(816) 753-1000
Fax: (816) 753-1536
ltucker@polsinelli.com

ATTORNEYS FOR PLAINTIFF

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she filed the foregoing with the Clerk of the Court using the CM/ECF electronic filing system, which will send a notice of electronic filing to all counsel of record:

Tara J. Kholos
Butler Snow LLP
6022 San Jose Boulevard
Jacksonville, FL 32217
(904) 539-9030
Fax:  (904) 539-9031
Tara.kholos@butlersnow.com

Joel W. Morgan
Butler Snow LLP
919 East Main Street, Suite 600
Richmond, VA  23219
(804) 762-6027
Fax:  (804) 762-6031
Joel.morgan@butlersnow.com

ATTORNEYS FOR DEFENDANT WRIGHT
NATIONAL FLOOD INSURANCE COMPANY

*/s/ Michelle Bernstein*
Attorneys for Plaintiff

6