**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WATERLINE VILLAS AND MARINA
CONDO ASSOCIATION, INC.,

      Plaintiff,

v.

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,

      Defendant.

Case No. 8:26-cv-00040-KKM-SPF

**WRIGHT NATIONAL FLOOD INSURANCE COMPANY'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS**

This Court should grant Defendant's Motion because Plaintiff's Response fails to establish a legal or factual basis to avoid dismissal of the Amended Complaint in its entirety. Plaintiff does not dispute that Wright sent a written partial denial on January 3, 2025, or that Plaintiff filed this action more than one year later, on January 7, 2026. Furthermore, Plaintiff's assertion that the submission of an appeal to FEMA tolls the one-year limitations is contravened by 44 C.F.R. §62.20(f)(4), which provides that submitting an appeal to FEMA does not extend the one-year limitations period established by the National Flood Insurance Act ("NFIA") and the Standard Flood Insurance Policy ("SFIP").

Instead, Plaintiff's arguments concerning the Court's consideration of the denial letter, equitable tolling, and preemption are contrary to controlling NFIP authority and this Court's recent decisions. The Amended Complaint confirms that

1

Plaintiff's breach of contract claim is untimely and that Plaintiff's remaining state-law claims arise from Wright's handling of a claim under an existing SFIP and are therefore governed exclusively by federal law. Accordingly, and for the reasons set forth below, Plaintiff's Amended Complaint should be dismissed with prejudice.

## I.   Plaintiff's Procedural Objection Fails

Plaintiff first argues that Wright's Motion should be stricken because Wright attached the Standard Flood Insurance Policy ("SFIP"), the January 3, 2025 Denial Letter, and the Declaration of Sarah Brandeberry. This argument fails. Plaintiff's Response challenges only the Court's consideration of Ms. Brandeberry's declaration. Plaintiff does not dispute the authenticity of the SFIP or the January 3, 2025 Denial Letter, nor does it meaningfully challenge the Court's consideration of those documents. That omission is dispositive because the SFIP and January 3, 2025 Denial Letter are central to the claim and independently establish that this action is time-barred, regardless of whether the Court considers Ms. Brandeberry's declaration.

This Court recently rejected a materially identical argument in *Karlzen v. Selective Insurance Company of the Southeast*, holding that a NFIP denial letter attached to a motion to dismiss may be considered where the letter is central to the plaintiffs' claim and its authenticity is not challenged. 2026 WL 1700565 at *2 (M.D. Fla. June 12, 2026) (Mizelle, J.). This Court found that the denial letter was "central to [plaintiffs'] allegation that [defendant] breached the Policy by failing to 'provide coverage for the Loss under the terms of the Policy.' To be sure, the letter

2

is 'the denial [plaintiffs] seek to challenge.'" *Id.* (internal citations omitted) (quoting *Butler v. Hartford Ins. Co. of the Midwest*, 2026 WL 1529395 at *2 (M.D. Fla. June 1, 2026)). This Court granted the defendant's motion to dismiss, finding that the Complaint was time-barred. *Id.* at *3–4.

The same is true here. Plaintiff's claims arise entirely from an SFIP issued under the NFIP and Wright's adjustment of Plaintiff's flood claim. The SFIP is the policy Plaintiff seeks to enforce, and the January 3, 2025 Denial Letter is the very coverage determination Plaintiff challenges in this lawsuit.

Moreover, the January 3, 2025 letter denied portions of Plaintiff's claim based on applicable coverage limitations. ECF 21-4 p. 2. After identifying the applicable post-FIRM elevated ("PFE") coverage restrictions, Wright expressly advised Plaintiff that "[b]ased on this limited coverage we must respectfully deny coverage" for identified categories of building damages including flooring, baseboards, drywall, doors, and cabinets. *Id.* at pp. 2–3. Wright separately advised Plaintiff that it must "respectfully deny coverage" for specified categories of personal property, including appliances, lobby furniture, and gym furniture. *Id.* The letter further included FEMA's Policyholder Rights notice, advising Plaintiff that it had received a "full or partial claim denial letter," that federal law requires any lawsuit to be filed "within one year of when your insurer first denied all or part of your claim," and that "[f]iling an appeal does not extend the one-year timeframe to file suit against your insurer." *Id.* at pp. 4–5.

3

Even excluding Ms. Brandeberry's declaration in its entirety, these documents establish that Wright partially disallowed Plaintiff's claim and triggered the one-year limitations period when it sent the January 3, 2025 Denial Letter. As such, dismissal of the Amended Complaint is appropriate.

## II. The Claim Is Time-Barred Because the FEMA Appeal Does Not Toll the One-Year Period

Plaintiff does not dispute that Wright sent a written partial denial on January 3, 2025 or that Plaintiff filed this action on January 7, 2026, after expiration of the one-year limitations period imposed by the NFIA and the SFIP. Instead, Plaintiff argues that equitable tolling should apply because FEMA's administrative appeal process was allegedly delayed by a federal government shutdown and FEMA had not yet issued a decision. That argument fails because the NFIP specifically provides that the "one-year period to file suit commences with the written denial from the insurer and **is not extended by the appeals process.**" 44 C.F.R. § 62.20(f)(4) (emphasis added). The Policyholder Rights notice includes this admonishment in its text. ECF 21-4 p. 5. As such, Plaintiff's voluntary administrative appeal did not toll or extend the one-year limitations period.

This Court recently reaffirmed that equitable tolling is an "extraordinary remedy" available only where extraordinary circumstances prevented timely filing. *Blowey v. Am. Bankers Ins. Co. of Fla.*, 2026 WL 1741400 at *3 (M.D. Fla. June 12, 2026) (Mizelle, J.). The extraordinary circumstances must be "'beyond his

4

control and unavoidable even with due diligence.'" *Id.* (quoting *Makozy v. Westcor Land Title*, 852 F. App'x 518, 518 (11th Cir. 2021)). This Court found that plaintiffs could not meet the "demanding requirements" to establish equitable tolling and dismissed the plaintiffs' Complaint on the grounds that it was time-barred by the one-year limitations period in Section 4072 and the SFIP. *Id.* at *4; *see Karlzen*, 2026 WL 1700565 at *3 (holding "the limitations period begins with the first disallowance and is not tolled by subsequent denials or adjustments.").

Plaintiff's allegations regarding a pending FEMA appeal, which the pertinent regulation provides does not extend the one-year limitations period, and an alleged government shutdown does not approach that demanding standard. Moreover, Plaintiff has not presented any other circumstances (nor can it) in support of equitable tolling. The documents that are central to this Motion and not disputed establish that Plaintiff knew of Wright's partial denial sent on January 3, 2025 and knew of the one-year limitations period. Plaintiff nevertheless chose to pursue an administrative appeal and did not file suit within the required time. Even if Plaintiff "diligently pursued" its claim, no extraordinary circumstances have been presented to support equitable tolling. Wright sent its partial denial letter on January 3, 2025. Plaintiff did not commence this action until January 7, 2026. Because the one-year limitations period expired before this suit was filed, Plaintiff's action is time-barred and must be dismissed.

### III. Plaintiff's State-Law Claims Are Preempted Because They Arise from Claim Handling

Plaintiff argues that Counts II and III survive because they involve policy procurement and underwriting rather than claim handling.

Plaintiff's Response and the cases cited therein rely upon a prior version of the SFIP which specifically indicated that federal law applied only to the "handling" of claims under the SFIP. However, FEMA revised all forms of the SFIP, which took effect in October 2021, expanding the preemption provision of the SFIP to include policy issuance and administration: "This policy and all disputes arising from the **insurer's policy issuance, policy administration**, or the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, and Federal common law." 44 C.F.R. pt. 61, app. A(3), art. XI (2022) (emphasis added).

In addition to the change to the SFIP, Plaintiff's reliance on *Campo v. Allstate Insurance Company* is misplaced for additional reasons. 562 F.3d 751 (5th Cir. 2009). In *Campo*, plaintiff's policy lapsed shortly before Hurricane Katrina struck Louisiana. *Id.* at 752. The SFIP included a 30-day grace period for premium payments to avoid a gap in coverage, which FEMA extended an additional 90 days following Katrina. *Id.* at 752–53. Plaintiff submitted a claim under the expired policy and the defendant sent correspondence indicating that it had requested that plaintiff be issued a check for the policy limits of $98,200.00. *Id.* at 753. However, the letter did not inform plaintiff the payment was contingent upon timely receipt

6

of the policy premium for the lapsed policy. *Id*. The Court ultimately found that the plaintiff's claims were related to procurement since the policy had expired and the claim under the policy was essentially a fiction. *Id*. at 756. As a result, the Court determined that the state law claims were not preempted. *Id*. In determining that federal law did not preempt state-based "procurement" related claims, the Court relied upon the language then contained in the SFIP that limited preemption to the "handling of any claim". *Id*. at 758 n.38.

As such, *Campo* has no application here as Plaintiff's Policy was in force at the time of the loss, a claim was made under the Policy and the relevant SFIP in force at the time of the loss contains the language that "all disputes arising from the insurer's policy issuance, policy administration, or the handling of any claim under the policy are governed exclusively" by federal law. ECF 21-3 p. 30. Because there was a policy in force at the time of the interaction with Wright—the claim under the SFIP—the interaction between Plaintiff and Wright is considered "claim handling" and subject to federal preemption. *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 401 (5th Cir. 2012); *see Roth v. Wright Nat'l Flood Ins. Co.*, 2018 WL 8334079 at *3 (S.D. Fla. June 22, 2018). Thus, Plaintiff's state law claims are preempted and barred by federal law. *Shuford v. Fidelity Nat'l Cas. Ins. Co.*, 508 F.3d 1337, 1344 (11th Cir. 2007).

For the reasons stated herein and in Wright's Motion to Dismiss and Incorporated Memorandum of Law, all of Plaintiff's claims raised in the Plaintiff's Amended Complaint should be dismissed with prejudice.

Dated: June 24, 2026

Respectfully submitted,

By:    /s/ Joel W. Morgan
Joel W. Morgan (FBN: 1010062)
Butler Snow LLP
919 East Main Street, Suite 600
Richmond, VA 23219
Direct: (804) 762-6027
Telephone: (804) 762-6030
Facsimile: (804) 762-6031
Email: joel.morgan@butlersnow.com
*Lead Counsel for Defendant,*
Wright National Flood Insurance Company

Tara J. Kholos (FBN: 1018106)
Butler Snow LLP
6022 San Jose Boulevard
Jacksonville, FL 32217
Direct: (904) 539-9024
Telephone: (904) 539-9030
Facsimile: (904) 539-9031
Email: tara.kholos@butlersnow.com
*Counsel for Defendant,*
Wright National Flood Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2026, a true and correct copy of the foregoing Reply was electronically filed using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Joel W. Morgan
Joel W. Morgan

101367090.v1

8