**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WATERLINE VILLAS
AND MARINA CONDO
ASSOCIATION, INC.,

      Plaintiff,

v.                                                                    Case No. 8:26-cv-40-KKM-SPF

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,

      Defendant.

_____

## <u>ORDER</u>

Waterline Villas and Marina Condo Association, Inc., sues Wright National Flood Insurance Company, alleging that the defendant breached the parties' flood insurance policy by retroactively altering the property description and denying coverage, or in the alternative, that the defendant negligently misrepresented the policy and unjustly enriched itself as a result. *See* Am. Compl. (Doc. 6). Wright moves to dismiss the breach of contract claim as time barred and the state-law claims as preempted by federal law. *See* MTD (Doc. 21). Waterline opposes. Resp. (Doc. 22). Wright replies in support of its motion. Reply (Doc. 25). For the reasons below, I grant the motion.

## I.    BACKGROUND

Wright National Flood Insurance Company is a Write-Your-Own (WYO) Program Carrier[1] offering flood insurance under the National Flood Insurance Act (NFIA). Am. Compl. ¶ 6. In 2024, Wright issued a Standard Flood Insurance Policy (SFIP) for Waterline's property under Policy No. 09115210131703. *Id.* ¶ 8; *see also* Doc. (6-1).

In September 2024, the insured property suffered losses because of Hurricane Helene. Am. Compl. ¶ 11. Waterline reported the losses to Wright and submitted a claim under the Policy. *Id.* ¶¶ 12–13. On January 3, 2025, Wright issued a letter denying coverage for part of the claim. *Id.* ¶ 15; *see also* Denial Letter (Doc. 21-4). It "premis[ed] its denial on the allegation that the Building was elevated." Am. Compl. ¶ 15.

On January 16, 2025, Wright "issued an endorsement purporting to retroactively modify [the Policy] to describe the number of floors as Two Floors and modifying the Property Description to '[e]levated with enclosure on posts/piles/piers.'" *Id.* ¶ 16. The endorsement "materially reduce[d] the

---

[1] The Federal Emergency Management Agency (FEMA) created the WYO program in 1983 to allow private insurers to offer Standard Flood Insurance Policies through the National Flood Insurance Program (NFIP). *See Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1349 n.1 (11th Cir. 2000). "[A]ll claims and expenses [for these policies] are paid out of the National Flood Insurance Fund in the U.S. Treasury." *Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1316 n.1 (11th Cir. 2003) (per curiam).

coverage afforded under the [P]olicy" due to coverage limitations for damage below the lowest elevated floor. *Id.* ¶ 17.

On January 7, 2026, Waterline filed this suit invoking federal question jurisdiction under 28 U.S.C. § 1331 because the action arises under the NFIA. *See* Compl. (Doc. 1); Am. Compl. ¶ 4. It brings claims against Wright for breach of contract, negligent misrepresentation, and unjust enrichment. Am. Compl. ¶¶ 23–24, 35, 45. Wright moves to dismiss the breach of contract claim as time barred and the two state-law claims as preempted by federal law. *See* MTD. Wright attaches copies of the January 3, 2024 denial letter, (Doc. 21-4), the SFIP dwelling form, (Doc. 21-3), the amended Policy declarations page, (Doc. 21-2), and a declaration of Wright's Litigation Manager, Sarah Brandeberry, (Doc. 21-1). For the reasons below, I grant the motion.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice

if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss" under Rule 12(b)(6), a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's factual allegations are accepted "as true" and construed "in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Consideration is limited "to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec.*, Inc., 358 F.3d 840, 845 (11th Cir. 2004), *abrogated on other grounds by Twombly*, 550 U.S. at 544.

## III.  ANALYSIS

Wright moves to dismiss Waterline's breach of contract claim as barred by the one-year statute of limitations provided in 42 U.S.C. § 4072 and the SFIP itself. MTD at 9–15. According to Wright, because Waterline "filed this action on January 7, 2026, over one year after Wright sent the January 3, 2025 Denial Letter," the "claim for breach of the SFIP is barred by 42 U.S.C. § 4072 and 44 C.F.R. Part 61, Appendix A(3), Article VIII(O)." *Id.* at 15. As for the remaining state-law negligent misrepresentation and unjust enrichment

claims, Wright moves to dismiss them as preempted by federal law. *Id.* at 16–18. Waterline argues in response that Wright's motion should be stricken for relying upon material outside the complaint, and in the alternative, that equitable tolling salvages the breach of contract claim. Resp. at 4–5, 7. Waterline also argues that the state-law claims are not preempted because they arise from the procurement, rather than the handling, of the Policy. Resp. at 5–7. I agree with Wright that Waterline's breach of contract claim is time barred and that the remaining state-law claims are preempted by federal law.

### A. Incorporation by Reference

At the outset, Waterline asserts that Wright's motion is noncompliant because it attaches documents outside the four corners of the complaint. Resp. at 4. Waterline argues that the motion "should be stricken" because Wright "relies upon the purported testimony of Sarah Brandeberry" and "additional materials not included in [the] Complaint." *Id.* Waterline fails to fully appreciate the incorporation by reference doctrine. *See id.* ("Defendant's Motion is not saved by the alleged 'incorporation by reference' rule.")

I may consider the letter, dwelling form, and the Policy declarations page—but not the Brandeberry Declaration—under the incorporation-by-reference doctrine. Although "a court generally may not consider matters outside of the pleadings without treating the motion as a motion for summary judgment," the "incorporation-by-reference doctrine" provides an exception.

*Johnson v. City of Atlanta*, 107 F.4th 1292, 1298 (11th Cir. 2024). Under the doctrine, a court may consider a document attached to a motion to dismiss if the attached document is (1) "central to the plaintiff's claim" and (2) "the authenticity of the document is not challenged." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (permitting consideration of an attached written contract at the motion-to-dismiss stage).

Here, Waterline offers no reasons why the letter, dwelling form, and Policy declarations page are impermissible beyond a categorical statement that "this Court's review is limited to the four corners of the complaint." Resp. at 4. All three documents qualify for incorporation by reference.

The complaint directly references the amended Policy declarations page in its allegations that Wright attempted to retroactively underwrite the Policy. *See* Am. Compl. ¶ 16 (referencing an "endorsement" issued on January 16, 2025, that "describe[d] the number of floors as [t]wo [f]loors"); Amended Policy Declarations (Doc. 21-2) (containing a January 16, 2025 date of issue and describing the property as two floors). The SFIP Dwelling form is codified by federal regulation, *see* 44 C.F.R.pt. 61, app. A(1), and Waterline cites it in the complaint, Am. Compl. ¶ 20 ("Pursuant to 44 C.F.R. pt.61, app. A(1), art VII(R), Plaintiff has timely filed . . . ."). The complaint references the denial letter, *see id.* ¶ 15 ("On January 3, 2025, Wright Flood denied coverage"), and indeed it is "the denial [Waterline] seeks to challenge," *Butler v. Hartford Ins. Co. of the*

6

*Midwest*, No. 8:26-CV-745-VMC-NHA, 2026 WL 1529395, at \*2 (M.D. Fla. June 1, 2026) (citation modified). Because all three documents are central to the complaint, and Waterline has not disputed their authenticity, *see generally* Resp., I may consider them in deciding the motion.

Waterline argues that the Brandeberry Declaration cannot be incorporated into the complaint because it was never referenced, is not a document, and has not been tested by deposition. Resp. at 6. While the Eleventh Circuit has clarified that a document does not need to be directly referenced by a complaint to be incorporated, *see Johnson*, 107 F.4th at 1300, I agree the "Declaration does not fall within the incorporation-by-reference doctrine" because it is not central to Waterline's claim, *see Koster LLC v. Hartford Ins. Co. of the Midwest*, No. 25-60993-CIV, 2026 WL 413733, at \*3 n.1 (S.D. Fla. Feb. 14, 2026).

### B. Statute of Limitations

Although the statute of limitations is generally an affirmative defense, dismissal may be proper at this stage "where it is apparent from the face of the complaint that the claim is time barred." *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024) (citation modified). Under Section 4072, the claimant in a flood-insurance dispute may bring an action "within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator." *See also* 44 C.F.R. § 62.22(a) (same). Part VIII.O of the

SFIP "Dwelling Form" also requires that, if a policyholder sues, they "must start the suit *within one year* after the date of the written denial of all or part of the claim . . . ." (Doc. 21-3) at 20 (emphasis added); *see also* 44 C.F.R. pt. 61, app. A(1), art. VII (O) (providing the text of the SFIP "Suit Against Us" provision). The limitations period begins with the first disallowance and is not tolled by subsequent denials or adjustments. *See Rotondo v. Wright Nat'l Flood Ins. Co.*, No. 8:26-CV-00618-WFJ-CPT, 2026 WL 1579887, at *3 (M.D. Fla. June 3, 2026).

District courts in the Middle District of Florida have consistently held that a written denial letter from a WYO carrier is a proper disallowance that triggers the one-year statute of limitations. *See Raulerson v. Am. Strategic Ins. Corp.*, No. 8:25-CV-00407-WFJ-AAS, 2025 WL 1133767, at *3 (M.D. Fla. Apr. 17, 2025) (collecting cases); *Zozo Invs. LLC v. First Cmty. Ins. Co.*, No. 25-12492, 2026 WL 1021517, at *2 (11th Cir. Apr. 15, 2026) (per curiam) (assuming without discussion that a WYO carrier qualifies as the Administrator when applying the statute of limitations to a breach of insurance contract claim). Thus, the question is whether—and when—Wright first mailed a notice of disallowance.

Wright attaches a January 3, 2025 denial letter informing Waterline that Wright "must respectfully *deny* coverage," Denial Letter at 2 (emphasis added), and concludes that Waterline's breach of contract claim "is time-barred

8

and subject to dismissal," MTD at 11. Waterline responds that its filing was only "*two days* after Defendant contends the statutory limitations period ended" and that the government shutdown delayed FEMA's appeal process and Waterline's requests for materials filed by Wright with FEMA. Resp. at 7. Waterline argues that these circumstances warrant equitable tolling of the statute of limitations. *Id.* I agree with Wright that the breach of contract claim is time barred.

The January 3, 2025 letter was a proper notice of disallowance triggering the one-year limitations period because the letter was "sufficient to put [Waterline] on notice that a part of [its] claim ha[d] been disallowed." *4922 Mgmt. LLC v. Selective Ins. Co.*, No. 2:24-CV-894-SPC-NPM, 2025 WL 417701, at *2 (M.D. Fla. Feb. 6, 2025) (citation modified). "To determine whether a letter is a partial written denial, courts closely examine the letter's content." *Id.* at *1 (citation modified). The denial letter explicitly denied coverage for "[b]uilding components" and "[p]ersonal property or contents" that were "located below the lowest elevated floor" because Wright "ha[d] determined that [Waterline's] dwelling is located in a Special Flood Hazard Area, is elevated[,] and was constructed after [the] community joined the [NFIP]." Denial Letter at 2–3. The letter included a copy of FEMA's "Policyholder Rights" information sheet that explained Waterline's right to file an appeal and a lawsuit. *Id.* at 3–5. The letter therefore "unambiguously stated that

[Wright] was denying coverage" and "advised [Waterline] of [its] rights, including to file a federal lawsuit within a year of the partial disallowance" *Raulerson,* 2025 WL 1133767, at *4 (determining a WYO carrier's denial letter triggered Section 4072's statute of limitations). The one-year limitations period thus began to run on January 3, 2025, and expired before Waterline filed suit on January 7, 2026. *See* Compl.

Waterline argues that the Court should nevertheless deny Wright's motion as to the breach of contract claim based on equitable tolling. Resp. at 7. I disagree that the doctrine is appropriate here. "[E]quitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). In the Eleventh Circuit, equitable tolling "is an 'extraordinary remedy which should be extended only sparingly.' " *Makozy v. Westcor Land Title*, 852 F. App'x 518, 518 (11th Cir. 2021) (per curiam) (quoting *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993)). "Equitable tolling is appropriate when a litigant untimely files due to extraordinary circumstances that are beyond his control and unavoidable even with due diligence." *Id.*

Here, "[Waterline] ha[s] not raised any such extraordinary circumstances." *Blowey v. Am. Bankers Ins. Co. of Fla.*, No. 8:26-CV-424-KKM-TGW, 2026 WL 1741400, at *3 (M.D. Fla. June 17, 2026). Waterline in effect

10

argues that it was entitled to wait to file its lawsuit until FEMA had processed its appeal and provided additional information. *See* Resp. at 4. This argument cannot stand in the light of the clear notice FEMA and Wright gave to Waterline that the appeal process would not toll the one-year statute of limitations. The FEMA "Policyholder Rights" page attached to the January 3, 2025 denial letter specified that, "[i]f you appeal, you can later choose to file suit . . . as long as you are still within the one-year timeframe available to file suit." Denial Letter at 4. The letter states explicitly that "[f]iling an appeal does not extend the one-year timeframe." *Id.* at 5; *see also* 44 C.F.R. § 62.20(f)(4) (FEMA regulation cautioning that "[t]he one-year period to file suit commences with the written denial from the insurer and is not extended by the appeals process."). Waterline nevertheless asserts that it "diligently pursued its claims even throughout the [shutdown]" and could have "relied [upon the materials held by FEMA] to pursue its claims in this litigation." *Id.* But although "[t]he rules governing the National Flood Insurance Program are exacting, . . . they are known." *Agostino v. Monarch Nat'l Ins. Co.*, No. 2:24-CV-957-KCD-DNF, 2026 WL 668331, at *3 (M.D. Fla. Mar. 10, 2026). Waterline's failure to timely file was not "unavoidable" with due diligence.

"[N]ot even the 'temptations of a hard case' should cause courts to read the requirements of a federal insurance contract with 'charitable laxity.' " *Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1318 (quoting *Fed. Crop Ins. Corp. v.*

*Merrill*, 332 U.S. 380, 386 (1947)) (per curiam). Waterline was required by federal law and the Policy to file its suit within one year of Wright's denial letter, notwithstanding the status of its appeal. *See* 42 U.S.C. § 4072; (Doc. 21-3) at 22. "[T]he math is simple and unforgiving*." Potter-Martino v. Am. Bankers Ins. Co. of Fla.,* No. 8:26-CV-00508-WFJ-AEP, 2026 WL 982818, at *3 (M.D. Fla. Apr. 13, 2026). Waterline's complaint is untimely. *Compare* Denial Letter (issued January 3, 2025), *with* Compl. (filed January 7, 2026). Accordingly, I dismiss the breach of contract claim with prejudice because amendment would be futile. *See Bruce v. U.S. Bank Nat'l Ass'n*, 770 F. App'x 960, 966–67 (11th Cir. 2019) (per curiam) (affirming dismissal with prejudice where claims were time barred).

### C. Preemption of State Law Claims

Wright also moves to dismiss the state-law claims as preempted by federal law. MTD at 16–20. Waterline responds by attempting to distinguish claims arising from policy *handling* from those arising from policy *procurement*. Resp. at 5–7. Wright replies in support of its motion and argues that Waterline relies on an outdated version of the SFIP. Reply at 7. I agree with Wright that the state-law claims are preempted.

"A claim under state law is expressly preempted 'when Congress has manifested its intent to preempt state law explicitly in the language of the statute.'" *Shuford v. Fidelity Nat. Property & Cas. Ins. Co.*, 508 F.3d 1337,

12

1344 (11th Cir. 2007) (quoting *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1122 (11th Cir. 2004)). The SFIP's "What Law Governs" provision specifies that disputes arising from the policy are to be governed exclusively by federal law. *See* 44 C.F.R. pt. 61, app. A(1), art. X; Dwelling Form (Doc. 21-3) at 30. *Shuford* held that the "What Law Governs" provision "reflects a clear intent to preempt claims under state law." 508 F.3d at 1344. Based on the then-current version of that SFIP provision, which was limited to "all disputes arising from the *handling* of any claim under the policy," *Shuford* concluded that a plaintiff's state-law tort claim "[was] expressly preempted by federal law because it ar[ose] from the *handling* of a claim under a Standard Policy." *Id.* (citation modified). FEMA later amended the "What Law Governs" section of the SFIP in 2020 to clarify that the NFIA not only preempts claims arising from the "handling of any claim under the policy," but also claims arising from "the insurer's policy issuance [and] policy administration." 85 Fed. Reg. 43,946-01, 43,949–52, 43,968 (July 20, 2020) (stating in the summary of changes that "FEMA will clarify that the SFIP and all disputes arising from the insurer's policy issuance, policy administration, or the handling of any claim under the SFIP are governed by the National Flood Insurance Act and the regulations").

Waterline argues that its "state law claims are based on [Wright's] marketing and underwriting practices" rather than the handling of its claim and therefore are not preempted. Resp. at 2. They cite in support several Fifth

Circuit cases holding that "state-law procurement-based claims" are not preempted by federal law. *Id.* at 2–3. I disagree that Waterline's claims avoid preemption for the following reasons.

First, the Fifth Circuit precedents cited by Waterline predate the amendment of the SFIP by FEMA. *See id.* (citing *Grissom v. Liberty Mutual Fire Ins. Co.*, 678 F.3d 397, 400 (5th Cir. 2012), and *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 757–58 (5th Cir. 2009)); 44 C.F.R. Pt. 61, app. A(3), art. XI (effective October 1, 2021). Although "[t]he Eleventh Circuit has not ruled on the possible distinction between claims handling and policy procurement of NFIP policies," *Roth v. Wright Nat'l Flood Ins. Co.*, No. CV 18-21653-CIV, 2018 WL 8334079, at *3 (S.D. Fla. June 22, 2018), *Shuford* was premised on the "clear intent" expressed by the "What Law Governs" provision, *see Shuford*, 508 F.3d at 1344. In the light of the provision's amendment, *Shuford*'s holding logically extends to the express preemption of claims arising from policy issuance and administration. Even if Waterline's state-law claims are construed as arising from Wright's conduct in issuing and administering the policy rather than their handling of the 2025 coverage claim, the claims are still expressly preempted by the amended language.

Second, even under the Fifth Circuit precedents to which Waterline points, Waterline's claims appear to arise from handling rather than procurement. In *Grissom v. Liberty Mutual Fire Insurance Company*, the Fifth

14

Circuit clarified that "[t]he key factor to determine if an interaction with an insurer is 'claims handling' is the status of the insured at the time of the interaction." 678 F.3d at 401. "If the individual is already covered and in the midst of a non-lapsed insurance policy, the interactions between the insurer and insured, including renewals of insurance, are 'claims handling' subject to preemption." *Id.*

Here, Waterline's negligent misrepresentation and unjust enrichment claims arise from allegations that "[f]rom 2014 to 2025, Wright Flood represented to Plaintiff that the policies of flood insurance Wright Flood sold to it provided coverage for flood losses to the Building beginning approximately 1 foot above ground," but "now contends that the Building is elevated, such that the coverage for flood related losses is extremely limited." Am. Compl. ¶¶ 29, 31, 38, 40. Waterline was insured by Wright throughout this period, *see id.* ¶¶ 26, 36, including at the pivotal moment when Wright amended the policy description, *see id.* ¶¶ 8, 16. The claims therefore concern "interactions between the insurer and insured" and would appear "subject to preemption" under *Grissom.* 678 F.3d at 401; *see also Copeland v. Allstate Ins. Co.*, No. 14-CV-1556 (AMD)(JO), 2017 WL 10088571, at *7 (E.D.N.Y. Jan. 27, 2017) (determining plaintiff's state law claims were preempted where "the plaintiff's allegations span[ned] . . . a period during which she was in the midst of a non-lapsed insurance policy." (citation modified)); *Reilly v. Philadelphia Ins. Co.,*

605 F. Supp. 3d 1153, 1173 (D.S.D. 2022) (concluding that the plaintiff's negligent misrepresentation claim arising from a dispute over flood insurance coverage was "not [a] procurement-related claim[] . . . [because] there is no evidence that there was ever a lapse in coverage to turn what would otherwise be a renewal into the procurement of a new policy." (citation modified)).

I therefore dismiss Counts II and III with prejudice.

## IV.    CONCLUSION

Waterline's breach of contract claim is untimely and its state-law claims are preempted by the NFIA. Accordingly, the following is **ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 21) is **GRANTED.**

2. Plaintiff's Amended Complaint (Doc. 6) is **DISMISSED with prejudice**.

3. The Clerk is directed to **ENTER JUDGMENT**, which shall read, "This case is dismissed. Counts I–III are dismissed with prejudice." The Clerk is further directed to **TERMINATE** any pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on July 10, 2026.

Kathryn Kimball Mizelle
United States District Judge

16